**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| DAVID ROWE, | **Hon. Noel L. Hillman** |
| Petitioner, | Civil No. 10-0023 (NLH) |
| v. | |
| FED. BUREAU OF PRISONS, et al., | **O P I N I O N** |
| Respondents. | |

**APPEARANCES:**

DAVID ROWE, #11843-084
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640
Petitioner Pro Se

**HILLMAN, District Judge**

David Rowe, an inmate confined at FCI Fort Dix, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") regulation which categorically excludes certain inmates from eligibility for the early release incentive for successful completion of a residential substance abuse treatment program ("RDAP") pursuant to 18 U.S.C. § 3621(e)(2)(B). This Court will dismiss the Petition because Petitioner lacks standing. See 28 U.S.C. § 2254 Rule 4, applicable to § 2241 cases through Rule 1(b).

## I.   BACKGROUND

Petitioner is serving an aggregate 96-month term of imprisonment imposed by the United States District Court for the Western District of Virginia on January 11, 2007, based on his guilty plea to conspiracy to distribute 50 grams or more of methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and 846, and possession of a firearm during or in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  See United States v. Rowe, Crim. No. 06-0017 (NKM) judgment (W.D. Va. Jan. 22, 2007).  With good conduct time, Petitioner's projected release date is July 6, 2013.

On September 9, 2009, Petitioner submitted an informal administrative remedy request challenging the regulation that categorically excludes from early release for successful completion of the residential drug abuse program those inmates who received a two-level weapons enhancement.  On September 10, 2009, Correctional Counselor D. Steele responded that Petitioner's request was premature because he is not eligible to apply for the drug abuse program until July 2010.  Specifically, Steele states:

> [A] review of your case revealed you have a projected release date in July 2013.  As such, you are not eligible to apply for the RDAP until July 2010.
>
> It is suggested you submit an application for the RDAP at that time.  If you are found to qualify for the RDAP after you submit your

>application, a request will be sent to the
>legal staff at the DSCC to determine if you
>are eligible for the early release benefit
>associated with successful completion of the
>RDAP.

(Docket entry #1-3 at p. 2.)

On September 17, 2009, Petitioner submitted a BP-9 request for administrative remedy to the Warden challenging the regulation that he believes would categorically exclude him from the one-year sentence reduction, if he were to participate in the RDAP.  On October 23, 2010, Acting Warden Heffron denied relief as premature because it is too early for Petitioner to apply for the RDAP:

>A review of the facts indicate that you are
>currently serving a 96 month sentence for
>Conspiracy to Distribute 50 Grams or More of
>a Methamphetamine and Possession of a Firearm
>During or in Relation to a Drug Trafficking
>Crime.  Your Pre-Sentence Investigation
>Report indicates you received a 2-point
>weapons enhancement on your current
>conviction.  According to DAP policy, inmates
>that receive a two-level enhancement are
>precluded from receiving early release
>eligibility under 3621(e).
>
>A review of your record reveals that you have
>a projected release date of July 6, 2013 via
>Good Conduct Time Release.  Interviews for
>the RDAP are conducted on an inmate's
>proximity to release.  You will be considered
>for the RDAP once you are closer to your
>release date.  This is for informational
>purposes only.

(Docket entry #1-3 at p. 4.)

Petitioner appealed to the Regional Director on November 13, 2009.  On November 25, 2009, the Administrative Remedy Coordinator for the Northeast Regional Office issued a rejection notice rejecting the appeal as untimely.

On January 5, 2010, the Clerk received and filed Petitioner's § 2241 Petition.  Petitioner challenges the BOP's regulation that categorically excludes certain inmates from eligibility for the early release incentive on the following grounds:

> Issue 1:  THE REGULATION IMPLEMENTED BY THE BUREAU OF PRISONS (BOP) VIOLATED THE ADMINISTRATIVE PROCEDURE ACT (APA) BY CATEGORICALLY EXCLUDING FROM EARLY RELEASE FOR SUCCESSFUL COMPLETION OF RESIDENTIAL SUBSTANCE ABUSE PROGRAM PRISONERS CONVICTED OF OFFENSES INVOLVING POSSESSION, CARRYING, OR USE OF A FIREARM.
>
> Issue 2:  THE BUREAU OF PRISONS PROMULGATION OF THEIR FINAL RULE IS ARBITRARY, CAPRICIOUS, AN ABUSE OF DISCRETION, OR OTHERWISE NOT IN ACCORDANCE WITH LAW.
>
> Issue 3:  WHEN APPLIED IN PETITIONER'S CASE, THE BOP'S CATEGORICAL EXCLUSION REGULATION SHOULD BE HELD INVALID UNDER THE APA BY THIS HONORABLE COURT.
>
> Issue 4:  THE REQUIREMENT THAT PETITIONER EXHAUST HIS ADMINISTRATIVE REMEDIES SHOULD BE EXCUSED OR DISMISSED AS FUTILE.

(Docket entry #1 at pp. 2-3.)

## II.  DISCUSSION

A.  Standing

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
>
>   . . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." Whitmore v. Arkansas, 495 U.S. 149, 154 (1990). "Article III, § 2, of the Constitution restricts the federal 'judicial Power' to resolution of 'Cases' and 'Controversies.' That case-or-controversy requirement is satisfied only where a plaintiff has standing." Sprint Communications Co., L.P. v. APCC Services, Inc., 128 S. Ct. 2531, 2534 (2008). "[T]he standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial

5

powers on his behalf." Warth v. Seldin, 422 U.S. 490, 498-9 (1975) (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)).

Standing is a constitutional principle that prevents federal courts from undertaking tasks assigned to the executive or legislative branches of government. See Lewis v. Casey, 518 U.S. 343, 349 (1996). As the Supreme Court observed:

> It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution. . . . But the distinction between the two roles would be obliterated if, to invoke intervention of the courts, no actual or imminent harm were needed, but merely the status of being subject to a governmental institution that was not organized or managed properly.

Id.

To satisfy Article III's standing requirements, "a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, , 704 (2000); see also Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009). To establish an "injury in fact", a plaintiff

6

must show that he has "sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'"  City of Los Angeles v. Lyons, 461 U.S. 95 101-2 (1983) (citations and internal quotation marks omitted).  "This requirement assures that 'there is a real need to exercise the power of judicial review in order to protect the interests of the complaining party,' Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 221 (1974)."  Summers, 129 S. Ct. at 1149.

The plaintiff bears the burden of establishing standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The plaintiff must "clearly and specifically set forth facts sufficient to satisfy these Art. III standing requirements" in the Complaint, insofar as a federal court "is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing."  Whitmore, 495 U.S. at 155-6.

Application of the above principles requires dismissal of the Petition for lack of standing.  It is clear from the face of the Petition and attachments that no BOP official has determined that Petitioner is ineligible for the one-year sentence reduction for successful completion of the RDAP, that Petitioner has not been found eligible for the RDAP, and that Petitioner cannot even apply for admission to the RDAP until July 2010.  Petitioner has

7

not shown that he "sustained or is immediately in danger of sustaining some direct injury as the result of the challenged [regulation] and the injury or threat of injury [is] both 'real and immediate,' not 'conjectural' or 'hypothetical.'" City of Los Angeles v. Lyons, 461 U.S. 95 101-2.  Under these circumstances, this Court is constrained to dismiss the Petition because Petitioner lacks standing to challenge the regulation.[1]

### III. CONCLUSION

Based on the foregoing, this Court will dismiss the Petition for Writ of Habeas Corpus.

                                    S/NOEL L. HILLMAN
                                    **NOEL L. HILLMAN, U.S.D.J.**

Dated:   February 23, 2010

At Camden, New Jersey

---

[1] The dismissal is without prejudice to the filing of a new petition in the event that the BOP ultimately admits Petitioner to the RDAP and determines that he is not eligible for the one-year sentence reduction for successful completion of the program.